UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

LEKETIA R. NOBLE,
and other similarly situated individuals,

    Plaintiff(s),

v.

NEWBOLD SERVICES, LLC

    Defendant,

_____/

COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Leketia R. Noble, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant Newbold Services, LLC, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Leketia R. Noble is a resident of Nassau County, Florida, within this Honorable Court jurisdiction. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Newbold Services, LLC (hereinafter, Newbold Services, or Defendant) is a Foreign Corporation registered to do business in Florida that has a place of business in Nassau County. Defendant was engaged in interstate commerce. Defendant Newbold Services is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this complaint took place in Nassau County, Florida, within the jurisdiction of this Court.

General Allegations

5. This cause of action is brought by Plaintiff Leketia R. Noble, and other similarly situated employees to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

6. Corporate Defendant Newbold Services provides staffing, janitorial, maintenance, and facility management services to commercial accounts

such as businesses, hospitals, warehouses, etc. Defendant's head office is located at 127 Tanner Rd, Greenville, SC 29607.

7. Defendant Leketia R. Noble employed Plaintiff Leketia R. Noble as a full-time, non-exempted, hourly employee, from approximately August 10, 2010, to November 20, 2020, or more than 10 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 138 weeks.

8. Plaintiff was hired as a clerk and head janitorial employee. Plaintiff had a wage rate of $18.50 and $19.50 an hour during the relevant employment period.

9. Plaintiff was assigned to work in Westrock INC's facilities, a paper mill and packaging company located at 600 North 8 ST Fernandina Beach, FL 32034.

10. Plaintiff had duties of head janitor/maintenance and office/payroll clerk.

11. Plaintiff alleges that during her employment with Defendant, she worked off-the-clock hours that constitute overtime hours that were not paid to her at any rate, not even the minimum wage rate, as required by law.

12. Plaintiff had an official schedule, and she worked 6 days per week. Plaintiff clocked in at 4:00 AM and clocked out 1:00 PM (9 hours daily) from Monday to Friday.  Plaintiff also worked either Saturday or Sunday from 5:00 AM to 10:00 AM (5 hours). Plaintiff's official schedule represents about 50 working hours weekly.

13. Plaintiff was paid for her scheduled hours correctly.

14. However, after Plaintiff clocked out at 1:00 PM, she was required to work off-the-clock hours from Monday to Friday. Every day, Plaintiff was required to clock out at 1:00 PM and stay working at least 2 more hours. Plaintiff ended up working from Monday to Friday, 10 off-the-clock hours.

15. These 10 off-the-clock hours constitute 10 overtime hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate established by the FLSA.

16. Moreover, Plaintiff was deducted automatically half-an-hour lunch breaks every day, but Plaintiff was unable to take a lunch break at least twice a week. This lunch break hour constitutes 1 more unpaid overtime hour.

17. Thus, Plaintiff is owed 11 off-the-clock hours, which constitute 11 unpaid overtime hours for all her relevant weeks of employment.

18. Plaintiff clocked in and out, her superiors required Plaintiff to work off-the-clock hours, and Defendant was able to track the hours worked by Plaintiff and other similarly situated employees.

19. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the real number of hours worked.

21. Plaintiff complained verbally to her supervisors about unpaid lunch hours and off the clock hours numerous times.  Plaintiff also complained about the same issues by e-mail sent from her company E-mail address: lnoble@wesrock.com.

22. On or about November 20, 2020, Plaintiff was forced to edit Payroll records to deduct 30 minutes and altering time records for 10 or 12 employees.

23. Plaintiff objected about the illegal practice and complained again about her own case. Because of Plaintiff's complaints, Defendant fired Plaintiff using pre-textual reasons.  Plaintiff was falsely accused of falsifying some paperwork.

24. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid overtime based on her recollections. After proper discovery, Plaintiff will amend her complaint to claim any regular unpaid or overtime hours.

25. Plaintiff Leketia R. Noble seeks to recover any unpaid overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

## Collective Action Allegations

26. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

27. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiff and other similarly situated individuals the proper compensation for regular hours and overtime hours every at the rate of time and one-half their regular rate.

28. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked over forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME

29. Plaintiff Leketia R. Noble re-adopts every factual allegation stated in paragraphs 1-28 above as if set out in full herein.

30. This cause of action is brought by Plaintiff Leketia R. Noble as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the

"ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after June 2020, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

31. Defendant Newbold Services was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides janitorial, maintenance, and facility management services. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

32. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a janitorial/payroll clerk employee, and through her daily activities, worked in facility engaged in the manufacturing of goods for commerce. In addition, Plaintiff handled and worked on goods and materials that were moved

across State lines at any time during the business. Therefore, there is individual coverage.

33. Defendant Newbold Services employed Plaintiff Leketia R. Noble as a full-time, non-exempted, hourly employee, from approximately August 10, 2010, to November 20, 2020, or more than 10 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 138 weeks.

34. Plaintiff was hired as a clerk and head janitorial employee.  Plaintiff had a wage rate of $18.50 and $19.50 an hour during the relevant employment period.

35. Plaintiff had duties of head janitor/maintenance and office/payroll clerk.

36. Plaintiff alleges that during her employment with Defendant, she worked off-the-clock hours that constitute overtime hours that were not paid to her at any rate, not even the minimum wage rate, as required by law.

37. Plaintiff had an official schedule, and she worked 6 days per week, from Monday to Friday from 4:00 AM to 1:00 PM (9 hours daily).  Plaintiff also worked either Saturday or Sunday from 5:00 AM to 10:00 AM (5 hours). Plaintiff's official schedule represents about 50 working hours weekly.

38. Plaintiff was paid for her scheduled hours correctly.

39. However, from Monday to Friday, after Plaintiff clocked out at 1:00 PM, she was required to work 2 off-the-clock hours daily or 10 off-the-clock weekly.

40. These 10 off-the-clock hours constitute 10 overtime hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate established by the FLSA.

41. Moreover, Plaintiff was deducted automatically half-an-hour lunch breaks every day, but Plaintiff was unable to take a lunch break at least twice a week. This lunch break hour constitutes 1 more unpaid overtime hour.

42. Thus, Plaintiff is owed 11 off-the-clock hours, which constitute 11 unpaid overtime hours for all her relevant employment weeks.

43. Plaintiff clocked in and out, her superiors required Plaintiff to work off-the-clock hours, and Defendant was able to track the hours worked by Plaintiff and other similarly situated employees.

44. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

45. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the real number of hours worked.

46. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should be in Defendant's possession and custody.  However, Defendant did not

maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.

47. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

48. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

49. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

50. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

  a. <u>Total amount of unpaid O/T wages</u>:

  Forty-Two Thousand Four Hundred Fifty-Four Dollars and 50/100 ($42,454.50)

  b. <u>Calculation of such wages</u>:

  Total weeks of employment:  more than 10 years
  Relevant weeks of employment:  138 weeks
  Total number of hours worked:  around 50-paid
  Total number of off-the-clock hours worked:  11 hours weekly
  Total number of unpaid off-the-clock hours: 11 O/T hours

  **1.- Overtime for approximately 118 weeks paid at $18.50 an hour**

    Relevant weeks of employment: 118 weeks
    Total number of off-the-clock hours worked: 11 hours weekly
    Total number of unpaid off-the-clock O/T hours: 11 hours
    Regular rate: $18.50 x 1.5=$27.75
    O/T rate: $27.75 an hour

    O/T rate $27.75 x 11 O/T =$305.25 x 118 weeks=$36,019.50

    **2.- Overtime for approximately 20 weeks paid at $19.50 an hour**

    Relevant weeks of employment: 20 weeks
    Total number of off-the-clock hours worked: 11 hours weekly
    Total number of unpaid off-the-clock O/T hours: 11 hours
    Regular rate: $19.50 x 1.5=$29.25
    O/T rate: $29.25 an hour

    O/T rate $29.25 x 11 O/T =$321.75 x 20 weeks=$6,435.00

    Total #1, and #2: $42,454.50

  c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid overtime wages.

51. At all times material hereto, the Employer/Defendant Newbold Services failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked over the maximum hours provided by the Act. Still, the Defendant made no provision to properly pay her at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and former employees of Defendant

who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked over forty.

52. Defendant Newbold Services knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

53. Defendant Newbold Services willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States law and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

54. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## Prayer for Relief

WHEREFORE, Plaintiff Leketia R. Noble and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendant Newbold Services based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Leketia R. Noble and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3); RETALIATORY DISCHARGE

55. Plaintiff Leketia R. Noble re-adopts every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

56. Defendant Newbold Services was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides janitorial, maintenance, and facility management services. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

57. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a janitorial/payroll clerk employee, and through her daily activities, worked in a facility engaged in the manufacturing of goods for commerce. Also, Plaintiff handled and worked on goods and materials that were moved

across State lines at any time during the business. Therefore, there is individual coverage.

58. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

59. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

60. Likewise, 29 U.S.C. 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……."

61. Defendant Newbold Services employed Plaintiff Leketia R. Noble as a full-time, non-exempted, hourly employee, from approximately August 10, 2010, to November 20, 2020, or more than 10 years. However, for FLSA purposes, Plaintiff relevant time of employment is 138 weeks.

62. Plaintiff was hired as a payroll clerk and head janitorial employee. Plaintiff had a wage rate of $18.50 and $19.50 an hour during the relevant employment period.

63. Plaintiff alleges that during her employment with Defendant, she worked off-the-clock hours that constitute overtime hours that were not paid to her at any rate, not even the minimum wage rate, as required by law.

64. Plaintiff had an official schedule, and she worked 6 days per week, from Monday to Friday from 4:00 AM to 1:00 PM (9 hours daily). Plaintiff also worked either Saturday or Sunday from 5:00 AM to 10:00 AM (5 hours). Plaintiff official schedule represents about 50 working hours weekly. Plaintiff was paid for her scheduled hours correctly.

65. However, from Monday to Friday, after Plaintiff clocked out at 1:00 PM, she was required to work 2 off-the-clock hours daily or 10 off-the-clock weekly.

66. These 10 off-the-clock hours constitute 10 overtime hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate established by the FLSA.

67. Moreover, Plaintiff was deducted automatically half-an-hour lunch breaks every day, but Plaintiff was unable to take a lunch break at least twice a week. This lunch break hour constitutes 1 more unpaid overtime hour.

68. Thus, Plaintiff is owed 11 off-the-clock hours, which constitute 11 unpaid overtime hours for all her relevant employment weeks.

69. Plaintiff clocked in and out, her superiors required Plaintiff to work off-the-clock hours, and Defendant was able to track the hours worked by Plaintiff and other similarly situated employees.

70. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

71. Plaintiff complained verbally to her supervisors about unpaid lunch hours and off-the-clock hours numerous times. Plaintiff also complained about the same issues by e-mail sent from her company E-mail address: lnoble@wesrock.com.

72. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

73. On or about November 20, 2020, Plaintiff was forced to edit Payroll records to deduct 30 minutes and altering time records for 10 or 12 employees.

74. Plaintiff objected to the illegal practice and complained again about her own case.

75. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

76. Because of Plaintiff's complaints, Defendant fired Plaintiff using pre-textual reasons. Plaintiff was falsely accused of falsifying some paperwork.

77. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

78. Defendant's unjustified retaliation against Plaintiff directly and proximately caused the termination of Plaintiff Leketia R. Noble by the Defendant because she complained about missing payment for off-the-clock overtime hours, in violation of the FLSA.

79. Moreover, Plaintiff's termination came just in temporal proximity immediately after Plaintiff participated in protected activity.

80. Defendant Newbold Services willfully and maliciously retaliated against Plaintiff Leketia R. Noble by engaging in a retaliatory action that was materially adverse to a reasonable employee and with the purpose to dissuade Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

81. As described above, the motivating factor that caused Plaintiff Leketia R. Noble to be fired from the business was her complaint seeking overtime wages from Defendant.  In other words, Plaintiff would not have been fired but for her complaints about overtime wages.

82. Defendant's adverse actions against Plaintiff Leketia R. Noble were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

83. Plaintiff Leketia R. Noble has retained the undersigned attorney's law offices to represent her in this action and is obligated to pay a reasonable attorney's fees and costs.

## Prayer For Relief

WHEREFORE, Plaintiff Leketia R. Noble respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff Leketia R. Noble by Defendant Newbold Services was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendant Newbold Services, awarding Plaintiff Leketia R. Noble liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>Demand for a Jury Trial</u>

Plaintiff Leketia R. Noble demands trial by a jury of all issues triable as right by a jury.

Dated: March 31, 2021

                                      Respectfully submitted,

                                      By: **/s/ Zandro E. Palma**
                                      ZANDRO E. PALMA, P.A.
                                      Florida Bar No.: 0024031
                                      9100 S. Dadeland Blvd.
                                      Suite 1500
                                      Miami, FL 33156
                                      Telephone:     (305) 446-1500
                                      Facsimile:      (305) 446-1502
                                      zep@thepalmalawgroup.com
                                      *Attorney for Plaintiff*